ELECTRONICALLY FILED - 2025 Oct 07 5:30 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Donald Reed,

                                       Plaintiff,

v.

Walmart, Inc., Kevin Albritton, Store
Manager, and Legenia Doe, Assistant Store
Manager,

                                       Defendants.

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO:

**SUMMONS**

**TO:     THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint on the subscriber, at the address shown below, within thirty (30) days after the service thereof, exclusive of this day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in said Complaint.

*s/John M. Grantland*
John M. Grantland, Esq., S.C. Bar No. 64158
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
F: 803-782-4140

*s/Jerry Finney*
Jerry Finney, Esq., S.C. Bar No. 64297
The Finney Law Firm, Inc.
2117 Park Street.
Columbia, SC 29201
T: 803-254-7408

*Attorneys for Plaintiff*

Columbia, South Carolina
October 7, 2025

1

ELECTRONICALLY FILED - 2025 Oct 07 5:30 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO:

Donald Reed,

Plaintiff,

v.

Walmart, Inc., Kevin Albritton, Store Manager, and Legenia Doe, Assistant Store Manager,

Defendants.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

**TO:    TO THE DEFENDANTS ABOVE NAMED:**

To the Defendants above named, the Plaintiff alleges the following.

1.    The Plaintiff was at all times a resident of Richland County, State of South Carolina.

2.    Upon information and belief, the Defendant, Walmart Inc., was at all times a foreign corporation organized and existing under the laws of a state other than South Carolina but authorized to do business within the State of South Carolina in Sumter County.

3.    Upon information and belief, Kevin Albritton is the manager for the Walmart Store in Sumter at 1283 Broad Street, Sumter, South Carolina and maintaining possession and or control of areas which the general public was invited to come and shop and conduct business on the premises.

4.    Upon information and belief, Legenia Doe, last name unknown, was the assistant manager of a Walmart Store on October 7, 2023, and investigated the Plaintiff's accident in the auto department.

5.    Venue is proper in Sumter County, South Carolina, the site of the tort by the Defendant against the Plaintiff.

1

ELECTRONICALLY FILED - 2025 Oct 07 5:30 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

6. The Court has jurisdiction over the parties hereto in the subject matter herein.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability / Negligence)

7. The Plaintiff incorporates and further references allegations of all Paragraphs as if fully set forth herein verbatim.

8. On or about October 7, 2023, at approximately 8:15 a.m., the Plaintiff was a business guest, customer, invitee, of Walmart Store on Broad Street in Sumter County, South Carolina.

9. While walking down an aisle in the auto department, the Plaintiff slipped and fell on a liquid on the floor, injuring his right shoulder, right knee, neck, right hand, hip, and head.

10. There were no wet floor signs on either side of the aisle.

11. The Plaintiff suffered severe and permanent injuries as a result of his fall, including but not limited to, injuries to his shoulder, including a fracture, along with other injuries.

12. The Defendants owe the general public, including the Plaintiff, non-delegable duties for their reasonable care, for their safety, including but not limited to the duty to maintain the premises free of unreasonable foreseeable hazards that could pose a danger to invitees.

13. The Plaintiff is informed and believes that the Defendants, by and through their agents and employees were negligent, grossly negligent, willful and wanton in one or more of the following particulars:

a) in failing to clean up the aisle of spills and foreign substances;
b) in failing to maintain premises in a safe, clean, reasonable and prudent manner;
c) in failing to provide a reasonable and safe premises for use by the Plaintiff;
d) in failing to warn Plaintiff of the presence of a foreign substance on the floor;
e) in failing to maintain and implement a reasonable system and inspection of said premises;
f) in permitting and allowing the premises to remain a dangerous and hazardous condition;

ELECTRONICALLY FILED - 2025 Oct 07 5:30 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

g) in failing to warn the Plaintiff that the premises were in a dangerous and unsafe condition;

h) in failing to warn of a known danger;

i) in failing to place signs in a conspicuous manner, and in a conspicuous location to warn Plaintiff of the dangerous and hazardous conditions;

j) in failing to clean their aisles in a safe and reasonable manner;

k) in other ways or ways or particulars which may be shown through trial.

14.     As a direct and proximate result of the negligence of the Defendant, by and through its agents and employees, the Plaintiff has suffered painful and permanent injuries, has incurred and will continue to incur medical expenses; has suffered and will continue to suffer pain and suffering; has suffered and will continue to suffer lost wages and earning capacity; has suffered and will continue to suffer disruption in his daily routine, and has suffered and will continue to suffer a loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for actual damages, punitive damages for the cost of the action, and for such other and further relief that the Court may deem just and proper.

The Plaintiff demands a jury trial.

*s/John M. Grantland*
John M. Grantland, Esq., S.C. Bar No. 64158
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
F: 803-782-4140

*s/Jerry Finney*
Jerry Finney, Esq., S.C. Bar No. 64297
The Finney Law Firm, Inc.
2117 Park Street.
Columbia, SC 29201
T: 803-254-7408

*Attorneys for Plaintiff*

Columbia, South Carolina
October 7, 2025

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP430301779

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | |
| | | |
| Donald Reed, | ) | Civil Action No. 2025-CP-43-01779 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANT,** |
| | ) | **WALMART INC.** |
| Walmart, Inc., Kevin Albritton, | ) | (Jury Trial Demanded) |
| Store Manager, and Legenia Doe, | ) | |
| Assistant Store Manager, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The defendant, Walmart Inc., by and through the undersigned attorneys, answering the Complaint of the plaintiff herein:

1.      Except as herein specifically admitted, each and every allegation in plaintiff's Complaint is hereby expressly denied.

2.      Answering Paragraph 1 of the Complaint, the defendant, Walmart Inc., admits, upon information and belief, the allegations contained therein concerning the residency of the plaintiff as the County of Richland, State of South Carolina.

3.      Answering Paragraph 2 of the Complaint, the defendant, Walmart Inc., would only admit so much contained therein which states that it is a corporation organized and existing under the laws of a state other than the State of South Carolina.  Further responding to Paragraph 2 of the Complaint, the defendant, Walmart Inc., would assert that no response is required given that the allegations call for a legal conclusion.  To the extent a response is required, each and every allegation not herein specifically admitted herein is hereby expressly denied.

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP430301779

4.    Answering Paragraph 3 of the Complaint, the defendant, Walmart Inc. would assert that no responses are required given that the allegations call for legal conclusions.  To the extent responses are required, each and every allegation not herein specifically admitted is hereby expressly denied.  Further responding to Paragraph 3 of the Complaint, the defendant, Walmart Inc., is without knowledge or information sufficient to form a belief as to the identity of the store manager on October 7, 2023, and/or if Kevin Albritton was employed or present at that time, and demands strict proof thereof

5.    Answering Paragraph 4 of the Complaint, the defendant, Walmart Inc., would only admit that Legenia Doe was a Wal-Mart Associate on the incident date and assisted in completing the incident report, but except as herein specifically admitted, each and every allegation is hereby expressly denied.

6.    Answering Paragraphs 5 and 6 of the Complaint, the defendant, Walmart Inc., would assert that no responses are required given that the allegations call for legal conclusions.  To the extent responses are required, each and every allegation not herein specifically admitted is hereby expressly denied.

**FOR A FIRST DEFENSE
TO A FIRST CAUSE OF ACTION**
(Premises Liability / Negligence)

7.    Answering Paragraph 7 of the Complaint, the defendant, Walmart Inc., reaffirms and realleges each of its defenses above as fully and effectually as if set forth herein verbatim.

8.    Answering Paragraph 8 of the Complaint, the defendant, Walmart Inc., would only admit so much contained therein which states that on or about the date in question the plaintiff was in a Wal-Mart located on Broad Street in the County of Sumter, State of South

2

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

Carolina, but denies that responses are due for the remaining allegations given that they call for legal conclusions. To the extent responses are required, each and every allegation not herein specifically admitted is hereby expressly denied.

9.     Answering Paragraph 9 of the Complaint, the defendant, Walmart Inc., would only admit so much contained therein which states that plaintiff allegedly slipped and fell, but would rely upon any and all videos, reports, or statements providing details of the incident as fully and effectually as if set forth herein verbatim.  Except as herein specifically admitted, each and every allegation is hereby expressly denied.

10.     Answering Paragraph 10 of the Complaint, the defendant, Walmart Inc., upon information and belief, is without sufficient knowledge or information at this time to respond; however, if the Wal-Mart store did not have notice of any condition that would warrant the use of wet floor signs, then wet floor signs were likely not in use.

11.     Answering Paragraph 11 of the Complaint, the defendant, Walmart Inc., is without knowledge or information sufficient to form a belief as to the nature and extent of the injuries and damages of which plaintiff complains, and, therefore, demands strict proof thereof.

12.     Answering Paragraphs 12 and 13, including subparagraphs a – k, and 14, of the Complaint, the defendant, Walmart Inc., asserts that no responses are required given that the allegations call for legal conclusions.  To the extent responses are required, each and every allegation not herein specifically admitted is hereby expressly denied.

13.     Except as herein specifically admitted, each and every allegation contained in plaintiff's Complaint is hereby expressly denied.

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP430177

**FOR A SECOND DEFENSE**
(Failure to State a Claim)

14.     The defendant, Walmart Inc., would show that the allegations in plaintiff's Complaint fail to allege facts sufficient to constitute a cause of action against it, and, therefore, the Complaint should be dismissed as to it, with prejudice, pursuant to Rule 12(b)(6), SCRCP.

**FOR A THIRD DEFENSE**
(Comparative Negligence of Plaintiff)

15.     The defendant, Walmart Inc., would show that such injuries and damages as the plaintiff sustained, if any, at the time and place as alleged in the Complaint, were due to and caused and occasioned by the negligence, recklessness, willfulness and wantonness of the plaintiff, which negligence, recklessness, willfulness and wantonness, as aforesaid, combining and concurring with that of the defendant, Walmart Inc., if any, and the same is denied, contributed to the plaintiff's alleged injuries and damages as a proximate cause thereof.  Such negligence, recklessness, willfulness and wantonness of the plaintiff was greater in proportion to the negligence of the defendant, Walmart Inc., if any, and the same is denied, and, therefore, the defendant, Walmart Inc., expressly pleads the comparative negligence, recklessness, willfulness and wantonness of the plaintiff as a complete bar to any recovery against this defendant in this action; in the alternative, the defendant, Walmart Inc., is entitled to a reduction of damages based upon the percentage of the negligence, recklessness, willfulness and wantonness of the plaintiff.

**FOR A FOURTH DEFENSE**
(Intervening Negligence of Plaintiff)

16.     The defendant, Walmart Inc., would show that none of its alleged wrongful actions were causally related to or connected to the plaintiff's alleged injuries and damages as the alleged causal connection between plaintiff's alleged injuries and damages having been broken by the subsequent and intervening negligence, recklessness, willfulness and wantonness of the

4

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

plaintiff, Donald Reed, and which subsequent and intervening negligence, recklessness, willfulness and wantonness was the proximate cause of the injuries and damages of which plaintiff complains, and, therefore, the plaintiff may not recover from the defendant, Walmart Inc.

## FOR A FIFTH DEFENSE
(Intervening Negligence of Unnamed Third Party)

17.     The defendant, Walmart Inc., would show that none of its alleged wrongful actions were causally related to or connected to the plaintiff's alleged injuries and damages as the alleged causal connection between plaintiff's alleged injuries and damages having been broken by the subsequent and intervening negligence, recklessness, willfulness and wantonness of an unnamed third party, and which subsequent and intervening negligence, recklessness, willfulness and wantonness was the proximate cause of the injuries and damages of which plaintiff complains, and, therefore, the plaintiff may not recover from the defendant, Walmart Inc.

## FOR A SIXTH DEFENSE
(Assumption of Risk)

18.     The defendant, Walmart Inc., would show that such injuries and damages as the plaintiff sustained, if any, were due to and caused and occasioned by the voluntary actions of the plaintiff, taken with full knowledge of the risks associated therewith, of which the plaintiff, in the exercise of due care, should have known or appreciated and, therefore, the defendant, Walmart Inc., pleads plaintiffs' voluntary assumption of a known risk as a complete bar to this action.

## FOR A SEVENTH DEFENSE
(Open and Obvious)

19.     The defendant, Walmart Inc., would show that the harm of which plaintiff complains was open and obvious, for which the defendant, Walmart Inc., did not owe plaintiff a duty.

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

## FOR AN EIGHTH DEFENSE
(Pre-Existing Conditions)

20.     The defendant, Walmart Inc., would rely upon any and all documentation to detail any pre-existing medical conditions which plaintiff experienced prior to the incident which were not caused or exacerbated by the incident at issue.

## FOR A NINTH DEFENSE

21.     The defendant, Walmart Inc., has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances in the plaintiff's Complaint.  This defendant intends to act as best it can to inform itself as to the pertinent facts or prevailing circumstances surrounding any report or injury or damage to the plaintiff as alleged in the Complaint, and gives notice of its intent to remove or assert any affirmative defenses that its information-gathering process may indicate is supported by law and fact, including, but not limited to, a defensive action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches.  The defendant, Walmart Inc., does reserve the right to amend this Answer to assert any such defenses.

## FOR A TENTH DEFENSE
(Unconstitutionality of Punitive Damages)

22.     The defendant, Walmart Inc., would show that an award of punitive damages under South Carolina law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

    a.     The judiciary's ability to correct a punitive damages award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

    b.     Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

6

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

c.      Any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

d.      The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.      Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f.      The plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendant.

The plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

## FOR AN ELEVENTH DEFENSE
(Statutory Caps on Punitive Damages)

23.     The defendant, Walmart Inc., would show that to the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to all statutory caps and limitations on punitive damages, including, but not limited to, the caps described in S.C. Code Ann. § 15-32-530, et. seq., as amended, and the defendant, Walmart Inc., pleads and incorporates the terms of that statute as fully and effectually as if set forth herein verbatim.

WHEREFORE, having fully answered, defendant, Walmart Inc., prays that plaintiff's Complaint, be dismissed as to it, with costs, and for such other and further relief as the Court may deem just and proper.

7

ELECTRONICALLY FILED - 2025 Nov 20 6:51 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.


By:    S / Rebecca Laffitte
       Rebecca Laffitte (SC Bar 3105)
       rlaffitte@robinsongray.com
       J. Michael Montgomery (SC Bar 74930)
       mmontgomery@robinsongray.com
       Cordes B. Kennedy (SC Bar 102287)
       ckennedy@robinsongray.com
       Haley S. Moorman (SC Bar 104742)
       hmoorman@robinsongray.com
       2151 Pickens Street | Suite 500
       Post Office Box 11449
       Columbia, South Carolina 29211
       (803) 929-1400

Attorneys for Defendant,  Walmart Inc.

Columbia, South Carolina

November 20, 2025

ELECTRONICALLY FILED - 2026 Feb 19 1:39 PM - SUMTER - COMMON PLEAS - CASE#2025CP430l779

STATE OF SOUTH CAROLINA    )
                          )    IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER    )


Donald Reed,    )    Civil Action No. 2025-CP-43-01779
                          )
          Plaintiff,    )
                          )
         vs.    )    **<u>QUALIFIED PROTECTIVE ORDER</u>**
                          )
Walmart, Inc., Kevin Albritton,    )
Store Manager, and Legenia Doe,    )
Assistant Store Manager,    )
                          )
         Defendants.    )
                          )

This Qualified Protective Order ("Order") is presented to the Court pursuant to 45 C.F.R. § 164.512(e) of the Privacy Standards promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties agree to comply fully with the terms and conditions of this Order.

1. This Order shall apply to the production of all documents produced pursuant to any Subpoenas or HIPAA Authorizations served or executed in this litigation, such documents hereinafter referred to ("Records from all healthcare providers").

2. The records of Donald Reed, of any healthcare provider shall be used only in the course of the above-captioned proceedings and shall be provided to all counsel of record.

3. Upon conclusion of this action, the Records from all healthcare providers, and all copies thereof, shall either be returned to the plaintiff's counsel or destroyed.

4. By approval of this Order, the parties agree to be bound by the conditions of this Order.

**AND IT IS SO ORDERED.**

_____

The Honorable S. Bryan Doby
Chief Administrative Judge
Third Judicial Circuit

Bishopville, South Carolina

February _____, 2026

ELECTRONICALLY FILED - 2026 Feb 19 1:39 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

ELECTRONICALLY FILED - 2026 Feb 19 1:39 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779

**WE MOVE AND AGREE:**

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:     S / Rebecca Laffitte
       Rebecca Laffitte (SC Bar 3105)
       blaffitte@robinsongray.com
       J. Michael Montgomery (SC Bar 74930)
       mmontgomery@robinsongray.com
       Cordes B. Kennedy (SC Bar 102287)
       ckennedy@robinsongray.com
       Haley S. Moorman (SC Bar 104742)
       hmoorman@robinsongray.com
       Sheniya K. Marshall (SC Bar 106728)
       smarshall@robinsongray.com
       2151 Pickens Street, Suite 500 (29201)
       Post Office Box 11449
       Columbia, South Carolina   29211
       (803) 929-1400

       Attorneys for Defendant, Walmart Inc.

WE CONSENT AND AGREE:

MURPHY & GRANTLAND, PA


By:    S/ John H. Grantland
          John H. Grantland (SC Bar 64158)
          Post Office Box 6648
          Columbia, South Carolina 29260
          (803) 782-4100
          jgrantland@murphygrantland.com



THE FINNEY LAW FIRM, INC.


By:    S/ Jerry L. Finney
          Jerry L. Finney (SC Bar 64297)
          2117 Park Street
          Columbia, South Carolina 29201
          (803) 254-7408
          jlfinney@bellsouth.net



          Attorney for Plaintiff, Khrista Baliey White

ELECTRONICALLY FILED - 2026 Feb 19 1:39 PM - SUMTER - COMMON PLEAS - CASE#2025CP430301779

ELECTRONICALLY FILED - 2026 Feb 19 1:39 PM - SUMTER - COMMON PLEAS - CASE#2025CP4301779



Sumter Common Pleas

**Case Caption:**     Donald  Reed VS   Walmart, Inc. , defendant, et al

**Case Number:**     2025CP4301779

**Type:**     Order/Protective Order

So Ordered

S. Bryan Doby, Circuit Court Judge, No. 2784

Electronically signed on 2026-02-19 12:31:41     page 5 of 5